Brian J. Waid
Waid Law Office
4847 California Ave. SW, Suite 100
Seattle, Washington 98116
(206) 388-1926

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLE LAROCHE,<br><br>    Plaintiff,<br><br>vs.<br><br>TED D. BILLBE, Individually and on behalf of the Marital Community comprised of TED D. BILLBE and JANE DOE BILLBE, and; LAW OFFICES OF TED D. BILLBE, PLLC, a Washington Professional Limited Liability Company,<br><br>    Defendants. | NO.<br><br><br><br>COMPLAINT for LEGAL MALPRACTICE<br><br>[JURY DEMAND] |

The Complaint of CAROLE LAROCHE alleges as follows:

## I.   PARTIES

1.0   Plaintiff CAROLE LAROCHE is, and was at all times

COMPLAINT for LEGAL MALPRACTICE

Page 1 of 10

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

relevant to these proceedings, a person of the full age of majority. Plaintiff CAROLE LAROCHE resides in Missoula, Montana.

1.1     Defendant TED D. BILLBE is a person of the full age of majority who, upon information and belief, resides in King County, Washington. At all relevant times to this action, Defendant BILLBE was an employee and/or principal of LAW OFFICES OF TED D. BILLBE, PLLC. It is unknown whether Defendant BILLBE was married or a single person. Plaintiff thus refers to Defendant BILLBE's unknown wife as "Jane Doe Billbe," pending discovery, as any acts or omissions relevant hereto may have been done on behalf of or for the benefit of that marital community.

1.2     The LAW OFFICES OF TED D. BILLBE, PLLC is a Washington Limited Liability Company, with its principal place of business in Bellevue, King County, Washington. At all times relevant to this action, Defendant BILLBE was acting in his capacity as an employee and/or principal of Defendant LAW OFFICES OF TED D. BILLBE, PLLC. Defendant LAW OFFICES OF TED D. BILLBE, PLLC is therefore jointly liable for the errors and omissions of Defendant BILLBE

COMPLAINT for LEGAL MALPRACTICE

Page 2 of 10

**WAID LAW OFFICE**
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

under the doctrine of *respondeat superior* and/or pursuant to RCW 18.100.070.

## II. JURISDICTION AND VENUE

2.0    Jurisdiction is proper in this Court based on diversity of citizenship within the meaning of 28 U.S.C. §1332, because Plaintiff is domiciled in the State of Montana and Defendants are all domiciled in the State of Washington, and the amount in controversy in this case exceeds $75,000.

2.1    Venue is proper in this Court, in conformity with 28 USCA §1391, because the Defendants reside in this District and the harm alleged arose in King County, Washington, including but not limited to Defendants' legal representation of Plaintiff in King County Superior Court matter, no. 09-3-02440-0 SEA, entitled *In re the Marriage of Hoffman* (the "Underlying Matter").

## III.    FACTS

3.0    Plaintiff LAROCHE and Alan Hoffman had each been married and divorced before meeting each other. They began living together in April of 1998, and married on August 5, 2000. Plaintiff

COMPLAINT for LEGAL MALPRACTICE

Page 3 of 10

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

LAROCHE was a single mother for 24 years before marrying Mr. Hoffman.

3.1     Two weeks before the wedding, Mr. Hoffman presented Plaintiff LAROCHE with a prenuptial agreement, after they returned from a 10-day trip in Austria and amid wedding preparations. Mr. Hoffman's attorney referred Plaintiff LAROCHE to independent counsel prior to executing the prenuptial agreement, but Plaintiff LAROCHE did not have adequate time necessary to obtain another opinion. The parties executed the prenuptial agreement on August 1, 2000.

3.2     At the time the prenuptial agreement was executed, Plaintiff LAROCHE had net tangible assets of $3,720 and no savings, investments, or retirement, whereas Mr. Hoffman identified net assets of over $7,000,000. The prenuptial agreement listed Plaintiff LAROCHE's assets has having a net value of approximately $618,000, the value of which was speculative and primarily based on a lawsuit she then had pending against her former financial advisor, Piper Jaffray. Plaintiff LAROCHE received no proceeds when her matter against Piper Jaffray settled in 2005.

3.3     The terms of the prenuptial agreement precluded Plaintiff

COMPLAINT for LEGAL MALPRACTICE

Page 4 of 10

**WAID LAW OFFICE**
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

LAROCHE from an award of maintenance in the event of a dissolution.

3.4   Compared to Plaintiff LAROCHE, Mr. Hoffman had vastly superior earning capacity, in addition to wealth. By the time trial commenced in the Underlying Matter, Plaintiff LAROCHE was of retirement age, with no employment prospects.

3.5   Plaintiff LAROCHE filed the Underlying Matter on March 20, 2009, represented by Attorney Jerry R. Kimball. The Court ordered Mr. Kimball's withdrawal on February 26, 2010.

3.6   Plaintiff retained Defendant BILLBE to represent her in the Underlying Matter on March 19, 2010, and Defendant BILLBE entered a Notice of Appearance on March 24, 2010.

3.7   In May 2010, Plaintiff LAROCHE's forensic expert, Attorney Christien L. Drakely, concluded that many of the parties' assets could not be properly traced because Mr. Hoffman had comingled the community's assets with his separate assets, completely disregarding the prenuptial agreement.

3.8   Despite the evidence, testimony, and Ms. Drakely's expert opinion, Defendant BILLBE did not allege or argue that the prenuptial

COMPLAINT for LEGAL MALPRACTICE

Page 5 of 10

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

agreement had been rescinded and/or rendered unenforceable by Mr. Hoffman's conduct.

3.9 Trial in the Underlying Matter commenced on August 16, 2010, and lasted 6 days.

3.10 At trial, Defendant BILLBE misstated facts that would have been in Plaintiff LAROCHE's favor, had they been correctly stated, including the misstatement that $900,000 was transferred from Mr. Hoffman's separate trust account into the community account when Mr. Hoffman actually transferred $900,000 from the community account into his separate trust account. The fact-finder relied on Defendant BILLBE's material misstatements, to the detriment of Plaintiff LAROCHE.

3.11 At trial, Defendant BILLBE did not request relief to which Plaintiff LAROCHE was entitled, including reimbursement to the community by Mr. Hoffman based on his diversion of community assets to his separate taxes, children, child support obligation, and separate properties.

3.12 At trial, the Court corrected Defendant BILLBE's misstatement that Plaintiff LAROCHE was prohibited from asking for

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

attorney fees pursuant to the prenuptial agreement. Notwithstanding the Court's correction, Defendant BILLBE thereafter requested only a portion of Plaintiff LAROCHE's attorney fees, about fifty (50) percent. The trial court in the Underlying Matter "might have awarded more if that figure [$75,000] had not been mentioned." Thus, the Court only awarded her the portion Defendant BILLBE requested.

3.13  The Dissolution Decree was entered October 8, 2010.

3.14  Defendant BILLBE filed Plaintiff LAROCHE's Motion for Reconsideration on October 18, 2010. Hoffman filed a Notice of Appeal on November 4, 2010. Defendant BILLBE then filed a Notice of Cross-Appeal on behalf of Plaintiff LAROCHE on November 12, 2010. The Court denied LAROCHE's Motion for Reconsideration on November 16, 2010. Defendants continued to represent Plaintiff LAROCHE throughout the appeal, although Attorney Catherine W. Smith associated as co-counsel with Defendant BILLBE on the appeal on November 15, 2010.

3.15  On May 14, 2012, Division I issued an unpublished opinion relative to the appeal and cross-appeal filed in the Underlying Matter, in which it refused to consider LAROCHE's argument on appeal that the

COMPLAINT for LEGAL MALPRACTICE

Page 7 of 10

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

prenuptial agreement had been rendered unenforceable by the parties' conduct because Defendant BILLBE had not raised that issue in the trial court.

3.16   Plaintiff believes, and therefore alleges on information and belief that the conduct of Mr. Hoffman rescinded the prenuptial agreement which thus rendered it unenforceable.

3.17   Plaintiff further believes, and therefore alleges on information and belief, based on the facts and evidence as established during trial of the Underlying Matter, that the appellate court would have held the prenuptial agreement had been rescinded and was therefore unenforceable, if Defendant BILLBE had raised that issue in the trial court.

IV.   **CAUSE OF ACTION:  LEGAL MALPRACTICE**

4.0   Plaintiff re-alleges and incorporates by reference every allegation set forth in ¶¶1.0-3.17, above, as if fully set forth here.

4.1   Defendants' representation of Plaintiff LAROCHE in the Underlying Matter fell below the standard of care expected of a Washington attorney representing clients in the same or similar manner, including by not limited to the following:

COMPLAINT for LEGAL MALPRACTICE

Page 8 of 10

**WAID LAW OFFICE**
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

A. Failing to assert that the prenuptial agreement was rescinded, as described in ¶¶3.8, 3.15-3.17, above;

B. Misstating material facts to the fact-finder, as described in ¶3.10, above;

C. Failing to request relief to which Plaintiff was entitled, as described in ¶¶3.11-3.12, 3.15-3.17, above;

D. Such other and different breaches of fiduciary duty as may be identified during discovery and/or trial of this matter.

4.2 Plaintiff sustained damage because of Defendants' breach of the standard of care, including mitigation expenses, in an amount that exceeds $75,000.

4.3 Defendant LAW OFFICE OF TED D. BILLBE, PLLC is jointly and severally liable for the negligent acts and omissions of Defendant BILLBE, as *respondeat superior* and/or RCW 18.100.070.

## V. DEMAND FOR TRIAL BY JURY

5.0 Plaintiff demands that all issues in this case be tried to a jury, pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38.

COMPLAINT for LEGAL MALPRACTICE

Page 9 of 10

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment in her favor and against the Defendants, jointly and severally, awarding her the following relief:

A. All damages sustained by Plaintiff because of Defendants' acts and/or omissions;

B. Legal interest, including pre-judgment interest, on all damages to the fullest extent authorized by Washington law;

C. All taxable costs and disbursements;

D. Such other and different relief as the Court may deem just and equitable.

DATED: October 24, 2013.

WAID LAW OFFICE

BY: /s/ Brian J. Waid
BRIAN J. WAID
WSBA No. 26038
bjwaid@waidlawoffice.com

BY: /s/ Jessica M. Creager
JESSICA M. CREAGER
WSBA No. 42183
jcreager@waidlawoffice.com
Attorneys for Plaintiff Carole LaRoche

COMPLAINT for LEGAL MALPRACTICE

Page 10 of 10

WAID LAW OFFICE
4847 CALIFORNIA AVENUE SW, SUITE 100
SEATTLE, WA 98116
206-388-1926